IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE L., | ) |
|     Plaintiff, | ) No. 20 C 6504 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Diane L. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 2, 2016, plaintiff applied for benefits, alleging a disability onset date of April 13, 2016. (R. 390.) Her application was denied initially, on reconsideration, and after a hearing. (R. 191, 212, 216-26.) Plaintiff appealed to the Appeals Council, which remanded the case to the ALJ for further proceedings. (R. 235-36.) After another hearing, the ALJ again denied plaintiff's claim. (R. 20-40.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 23.) At step two, the ALJ found that plaintiff has the severe impairments of "major depressive disorder; generalized anxiety disorder; seizure disorder; asthma; chronic obstructive pulmonary disease; headaches; and lumbar degenerative disc disease." (*Id.*) At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. (R. 24.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a paralegal and legal secretary, and thus was not disabled. (R. 25-39.)

2

Plaintiff argues that the statute governing the removal of the Commissioner of SSA is unconstitutional, citing *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). In *Seila*, the Supreme Court held that "the CFPB's leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers." *Id.* at 2197. Plaintiff notes that the SSA, like the CFPB, is headed by a single Commissioner "[who] may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance." 42 U.S.C. § 902(a)(3). Plaintiff argues that the removal provision governing the SSA Commissioner, like that governing the Director of the CFPB, is unconstitutional, and that flaw requires her claim to be remanded.

*Seila* does not, however, support plaintiff's claim. Though the *Seila* Court noted that the removal provisions for the Director of the CFPB and the Commissioner of the SSA were similar, it expressly distinguished the latter from the former: "[U]nlike the CFPB, the SSA lacks the authority to bring enforcement actions against private parties . . . . [and] [i]ts role is largely limited to adjudicating claims for Social Security benefits." 140 S. Ct. at 2202 (2020). Moreover, even if *Seila* rendered unconstitutional the statute governing removal of the SSA Commissioner, plaintiff would be entitled to a remand only if she were harmed by the unconstitutional statute, *Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021), a showing plaintiff has not made. (*See* ECF 14 at 7.) Accordingly, the alleged unconstitutionality of the provision for removing the Commissioner of SSA is not grounds for remanding plaintiff's claim.

Plaintiff also contends that the ALJ erred in concluding that plaintiff can perform simple work with simple decisions and occasional changes despite her moderate limitations in concentration, persistence, and pace ("CPP"). (*See* R. 26, 33.) The ALJ based this determination largely on the opinion of agency psychological consultant Dr. Fritz, who consulted at the

reconsideration level. (R. 34-35, 203.) He opined that plaintiff: (1) "has the cognitive capacity to perform and sustain three to four step tasks that require some skills but do not require complex duties"; (2) "retains sufficient attention and concentration to persist at and complete work activities for the usual periods required in the general workforce"; (3) "has the capacity for adequate pace and perseverance to maintain a schedule and on time attendance;" (4) "has the capacity to complete a normal workday and work week on a regular basis;" and (5) "is able to perform at minimally acceptable rates requiring only the common frequency and lengths rest breaks." (R. 208.)

Dr. Fritz made this determination before plaintiff started receiving mental health services through Thresholds, an organization that "provides services and resources for persons with serious mental illnesses and substance use disorders." https://www.thresholds.org/about (last visited April 1, 2022). Thus, the 700 pages of Threshold records pertaining to plaintiff's treatment played no part in Dr. Fritz's opinion.

There was, however, another agency consultant, Dr. Monis, who reviewed the Thresholds records and, like Dr. Fritz, concluded that despite her CPP limitations, plaintiff could do simple, repetitive tasks. (R. 76-77.) But the ALJ did not endorse Dr. Monis's opinion. Rather, he said:

> Dr. Monis pointed out that the claimant's psychotropic medication managing has also been effective, with few and minor adjustments during the adjudicated period. Dr. Monis has programmatic and specialized knowledge. Additionally, she supported her assessment with a detailed summary of the objective medical evidence. However, Dr. Monis' assessment does not give full consideration to the claimant's subjective statements, and fails to consider how the claimant's physical conditions might also cause limitation in the four broad functional areas set out in the disability regulations for evaluating mental disorders pursuant to 20 CFR 404.1569(D)(2) and SSR 16-3p. . . . The undersigned concludes that Dr. Monis' opinion, while lacking in some areas, is still deserving of partial weight, based on her specialized and programmatic knowledge.

(R. 35.) Because the ALJ gave only partial credit to the opinion of the only expert who reviewed the Thresholds records, the ALJ's conclusion that plaintiff can perform simple, limited tasks is not

4

supported by the record. *Copsey v. Saul*, No. 1:19-CV-369-JEM, 2020 WL 4746178, at *3 (N.D. Ind. Aug. 17, 2020) (lack of logical bridge to support ALJ's conclusion where ALJ relied on medical opinions that were afforded only partial weight).

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [21], and pursuant to 42 U.S.C. § 405(g) remands this case to the Acting Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**          **ENTERED:  April 5, 2022**

**M. David Weisman**
**United States Magistrate Judge**